EDMUND G. BROWN JR.
Attorney General of California
SARA J. DRAKE
Senior Assistant Attorney General
NEIL D. HOUSTON, State Bar No. 168058
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 322-5476
 Fax: (916) 327-2319
 E-mail: Neil.Houston@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TUOLUMNE BAND OF ME-WUK INDIANS, a federally-recognized Indian Tribe,**<br><br>Plaintiff,<br><br>v.<br><br>**STATE OF CALIFORNIA; CALIFORNIA GAMBLING CONTROL COMMISSION, an agency of the State of California and ARNOLD SCHWARZENEGGER, as Governor of the State of California,**<br><br>Defendants. | 2:09-cv-02263-JAM-KJM<br><br>**STIPULATION AND ORDER TO STAY ALL PROCEEDINGS**<br><br><br><br>Judge:  The Honorable John A. Mendez<br>Trial Date:  March 21, 2011<br><br>Action Filed:  August 14, 2009 |

    For the reasons stated herein, the parties to this action, by and through their attorneys of record, hereby stipulate to stay all proceedings in this action pending the finality of the Ninth Circuit's decision in Cachil Dehe Band of Wintun Indians of the *Colusa Indian Community v. California*, 618 F.3d 1066 (9th Cir. 2010), on the terms stated below.

1

PDF created with pdfFactory trial version www.pdffactory.com

**REASONS FOR STAY**

On August 19, 2009, the district court entered judgment in favor of the Cachil Dehe Band of Wintun Indians of the Colusa Indian Community (Colusa) and the Picayune Rancheria of Chukchansi Indians (Picayune), granting precisely the relief sought by the Tuolumne Band of Me-Wuk Indians (Tuolumne) in this action. *Cachil Dehe Band of Wintun Indians of the Colusa Indian Community v. California*, 2009 WL 2579051. The district court's order extended this relief not only to Colusa and Picayune, but to *all* 1999 Compact Tribes, which includes Tuolumne.

Defendants State of California, the California Gambling Control Commission, and Governor Arnold Schwarzenegger (collectively referred to herein as the State) timely appealed the district court judgment. The State's motion for stay pending appeal was denied, and two Gaming Device license draws open to all 1999 Compact Tribes, including Tuolumne, have occurred since the district court's judgment was entered. On August 20, 2010, the Ninth Circuit issued an opinion affirming the district court judgment in all respects except as to the size of the statewide Gaming Device license pool, which the court determined to be 40,201, rather than 42,700 as previously found by the district court and alleged by Tuolumne in this action. *Cachil Dehe Band of Wintun Indians of the Colusa Indian Community v. California*, 618 F.3d 1066 (9th Cir. 2010) (*Colusa II*).

On September 10, 2010, the State filed a petition for panel rehearing and rehearing en banc. The Ninth Circuit ordered appellees to file responses to the State's petition, and appellees Colusa and Picayune filed a joint response on October 26, 2010. The State's petition for rehearing is now pending before the Ninth Circuit. At the present time, it is unknown whether the State will file a petition for certiorari if its petition for rehearing is unsuccessful.

This case has now reached the deposition, dispositive motion, and trial preparation stage during which the parties will incur substantial costs. The dispositive motions, which are scheduled to be filed by December 10, 2010, and heard on January 12, 2011, will impose some burden upon the Court, as each party intends to file a Motion for Summary Judgment. These costs and burdens imposed on the Court as well as the parties will be rendered unnecessary if the

2

PDF created with pdfFactory trial version www.pdffactory.com

*Colusa II* decision becomes final in its present form, e.g., if the State's petition for rehearing is unsuccessful and the State declines to seek, or fails to obtain, a writ of certiorari. By this stipulation, the parties seek to avoid these potentially unnecessary costs, and to relieve the Court of the burden of this potentially unnecessary action.

For these reasons, the parties stipulate to a stay of all proceedings in this action pending the finality of the *Colusa II* decision as described above and defined herein. The terms stated below reflect the fact that it is uncertain when the *Colusa II* decision will become final, and it is uncertain what the final substance of the decision may be.

### TERMS OF STIPULATION

For purposes of this stipulation, the term "finality" shall mean and refer to when the Ninth Circuit's decision in *Colusa II*, can no longer be challenged by the State or in the event the State has notified Tuolumne in writing that it will not file for a Petition for Certiorari. In the event the State decides not to challenge the decision prior to the expiration of any time period to do so, the State will promptly provide Tuolumne with written notice of such decision and such notice shall be deemed to constitute finality for purposes of this stipulation.

The parties, by and through their attorneys of record, hereby stipulate as follows:

1. That all proceedings in this action be stayed immediately;

2. That the State shall provide Tuolumne with written notice of the finality of the Ninth Circuit's decision in *Colusa II*, by no later than five (5) court days after the occurrence thereof;

3. That no later than twenty (20) calendar days after the filing of a Notice of Resumption of Action by Tuolumne, such notice to be filed subsequent to, but no later than thirty-five (35) calendar days after service is made upon Tuolumne by mail notifying Tuolumne of the finality of the Ninth Circuit's decision in *Colusa II*, each party herein shall file a Status Conference Statement stating, without limitation, the need, if any, for the completion of discovery, or for further discovery in light of the final decision in the *Colusa* case, and this Court shall then issue an order scheduling all remaining events in the case including setting a briefing schedule for any dispositive motions that the parties intend to file upon the lifting of the stipulated Stay, and setting the matter for trial;

PDF created with pdfFactory trial version www.pdffactory.com

4. That if Tuolumne does not file a Notice of Resumption of Action within thirty-five (35) calendar days after the date in which service by mail was made upon Tuolumne notifying it of the finality of the Ninth Circuit's decision in the *Colusa* case, the State may file a request for dismissal pursuant to this stipulation, or the Court may, on its own motion, dismiss this action pursuant to this stipulation.

IT IS SO STIPULATED.

Dated: November 12, 2010	EDMUND G. BROWN JR.
	Attorney General of California
	SARA J. DRAKE
	Senior Assistant Attorney General


	/s/ NEIL D. HOUSTON


	NEIL D. HOUSTON
	Deputy Attorney General
	*Attorneys for State Defendants*


Dated: November 12, 2010	ROSETTE & ASSOCIATES, PC


	/s/ MEAGAN J. REED (as authorized on 11/10/10)

	MEAGAN J. REED
	*Attorney for Plaintiffs*

PDF created with pdfFactory trial version www.pdffactory.com

**ORDER**

The Court, having reviewed and considered the above Stipulation between the Parties, and good cause appearing there for, makes the following order:

1. All proceedings in this matter shall be stayed effective the date hereof;

2. The State shall provide Tuolumne with written notice of the finality of the Ninth Circuit's decision in *Cachil Dehe Band of Wintun Indians of the Colusa Indian Community v. California*, 618 F.3d 1066 (9th Cir. 2010) (*Colusa II*), by no later than five (5) court days after the occurrence thereof. For purposes of this Order, "finality" shall have the meaning defined in the Stipulation above.

3. No later than twenty (20) calendar days after the filing of a Notice of Resumption of Action by Tuolumne, such notice to be filed subsequent to, but no later than thirty-five (35) calendar days after service is made upon Tuolumne by mail notifying Tuolumne of the finality of the Ninth Circuit's decision in *Colusa II*, each party herein shall file a Status Conference Statement stating, without limitation, the need, if any, for the completion of discovery, or for further discovery in light of the final decision in *Colusa II*; the Parties shall include in their respective Status Conference Statements whether they intend on filing any dispositive motions; and this Court shall then issue an order scheduling all remaining events in the case including, but not limited to, discovery cut-off deadlines and deadlines associated with filing dispositive motions, and setting the matter for trial;

4. If Tuolumne does not file a Notice of Resumption of Action within thirty-five (35) calendar days after the date in which service by mail was made upon Tuolumne notifying it of the finality of the Ninth Circuit's decision in *Colusa II*, the State may file a request for dismissal pursuant to this stipulation, or the Court may, on its own motion, dismiss this action pursuant to this stipulation.

IT IS SO ORDERED.

Dated: November 12, 2010        /s/ John A. Mendez
                                Honorable John A. Mendez
                                U.S. DISTRICT COURT JUDGE

5

Stipulation and Order to Stay All Proceedings (2:09-cv-02263-JAM-KJM)

PDF created with pdfFactory trial version www.pdffactory.com